UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BROOKS,

        Plaintiff,

                                                      Case No. 13-11357
v.                                                    Honorable Patrick J. Duggan

ROCA DANGLO,

        Defendant.
_____/

## OPINION AND ORDER (1) DISMISSING PLAINTIFF'S COMPLAINT AND (2) DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS AND FOR SERVICE BY U.S. MARSHAL AND MOTION FOR APPOINTMENT OF COUNSEL

      Plaintiff Patricia Brooks, proceeding *pro se*, filed the instant lawsuit along with an application to proceed *in forma pauperis* and for service by the U.S. Marshal and motion for appointment of counsel. Like the several other complaints that Plaintiff has filed in this District over the years– including two filed on the same date as the present matter– Plaintiff's handwritten complaint is mostly illegible.[1] It is evident from Plaintiff's complaint, however, that federal subject matter jurisdiction is lacking. A court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction at any time. *See* Fed. R. Civ. P. 12(h)(3); *McLaughlin v. Cotner*, 193 F.3d 410, 412 (6th Cir. 1999).

---

[1]On the same date that the instant complaint was filed, two additional complaints from Plaintiff were filed: Civil Case No. 13-11358 (assigned to the Honorable Marianne Battani) and Civil Case No. 13-11359 (assigned to the Honorable Terrence Berg). Plaintiff has filed previous lawsuits in this District which have been dismissed for lack of subject matter jurisdiction and/or because the claims alleged therein were frivolous: Civil Case No. 11-13229 (Rosen, C.J.); 11-13217 (Cox, J.); and 10-10872 (Hood, J.).

On the cover sheet submitted with her complaint, Plaintiff checked the box indicating that the basis of jurisdiction is "diversity." (ECF No. 1.) The facts showing the existence of jurisdiction, however, must be affirmatively alleged in her complaint. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936); *Cincinnati Sch. Dist. v. Bd. of Educ.*, No. 04-4258, 2005 WL 6781829, at *3 (6th Cir. Oct. 17, 2005) (citing Fed. R. Civ. P. 8; *Bd. of Trustees of Painesville Twp. v. City of Painseville*, 200 F.3d 396, 398 (6th Cir. 1999); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). Plaintiff's complaint is devoid of such facts.

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states . . .." 28 U.S.C. § 1332(a). While it appears from Plaintiff's complaint that she lives in Missouri and presumably is a citizen of that state, the citizenship of Defendant Roca Danglo is not stated or suggested. Moreover, the facts alleged do not suggest that the amount in controversy exceeds $75,000. Nor do the facts suggest that Plaintiff is asserting claims arising under federal law. *See* 28 U.S.C. § 1331 (providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED**;

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed *in forma pauperis* and for service on the U.S. Marshall and motion for appointment of counsel are

**DENIED AS MOOT**.

Dated: March 28, 2013  s/PATRICK J. DUGGAN
 UNITED STATES DISTRICT JUDGE

Copy to:
Patricia Brooks
3107 Elmwood
Kansas City, MO   64128